OPINION OF THE COURT
Rockwell D. Colaneri, J.
The plaintiff commenced this small claims action to recover $1,500. He is a distributor of certain items including books, which he distributes on consignment to local book stores. The stores turn the proceeds over to him after sale.
Among the stores to which the plaintiff delivered the books was one called Book Bag, Inc. Book Bag ran into financial and legal difficulties which resulted in an auction sale of its inventory by the Nassau County Sheriff on September 7, 1982. Included in the items sold were the plaintiff’s books.
The defendant was the purchaser at the sale. It is no longer in possession of the books having resold them on the day of the auction. Claiming the defendant had no right to purchase the books which had been delivered to Book Bag, Inc., on consignment, the plaintiff now seeks judgment for their value.
The applicable law is contained in section 2-326 of the Uniform Commercial Code. Subdivision (3) of this section provides:
“Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the *833 name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as ‘on consignment’ or ‘on memorandum’. However, this subsection is not applicable if the person making delivery
“(a) complies with an applicable law providing for a consignor’s interest or the like to be evidenced by a sign, or
“(b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or
“(c) complies with the filing provisions of the Article on Secured Transactions (Article 9).”
This section establishes that the defendant is entitled to judgment. The books were sold in a book store and there is no proof that they were sold under the plaintiff’s name. The plaintiff has not sustained his burden of showing that any of the exceptions are applicable to this case.
That this is the result anticipated by the code provision is clear. “[T]he Code draftsmen all but abolished the consignor’s ‘secret lien.’ In only the rarest arrangement can a consignor retrieve the goods against an adverse claimant without having publicized or given notice of his interest pursuant to 2-326 or to Article Nine.” (White and Summers, Uniform Commercial Code, § 22-4, p 885.)
Accordingly, judgment is granted to the defendant dismissing plaintiff’s complaint, with costs to the defendant.